**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Sara Carnes, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:18-cv-3573 |
| MiraMed Revenue Group, LLC, an Illinois limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT -- CLASS ACTION**

Plaintiff, Sara Carnes, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Sara Carnes ("Carnes"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to Franciscan Health Indianapolis.

4.      Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois

limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana.  In fact, MiraMed was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.     Defendant MiraMed is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Indiana.

6.     Defendant MiraMed is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B.  In fact, Defendant acts as a debt collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7.     Defendant MiraMed sent Ms. Carnes an initial form collection letter, dated June 25, 2018, demanding payment of a debt she allegedly owed to Franciscan Health Indianapolis.  This letter stated that the "Statement Date" was "June 25, 2018", but then further stated that the "Date(s) of Service" was also "06-25-18". A copy of this letter is attached as Exhibit C.

8.     Defendant's letter caused Ms. Carnes to be confused as to what debt Defendant was trying to collect, how she could be placed into collections on the same day as the date of service and whether Defendant's collection attempt was legitimate.

9.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827

2

(7th Cir. 2012).   Here, Defendant's statement concerning the date of service would cause an unsophisticated consumer to be confused as to the legitimacy of the collection demand.   10.   Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

11.   Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e**
**Making False, Deceptive or Misleading Collection Statements**

12.   Plaintiff adopts and realleges ¶¶ 1-11.

13.   Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e.  More specifically, § 1692e(2)(a) of the FDCPA prohibits debt collectors from the false representation of "the character, amount or legal status of any debt", see 15 U.S.C. § 1692e(5).

14.   Defendant's statement, that the date of service was on June 25, 2018, when, in fact, it was not, was untruthful, deceptive and misleading, in violation of § 1692e of the FDCPA.

15.   Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

16.   Plaintiff adopts and realleges ¶¶ 1-11.

3

17.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18.     Defendant's statement, that the date of service was on June 25, 2018, when, in fact, it was not, was unfair and unconscionable.  By using unfair and unconscionable means to collect a debt, Defendant violated of § 1692f of the FDCPA.

19.     Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

20.     Plaintiff, Sara Carnes, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt allegedly owed to Franciscan Health Indianapolis, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

21.     Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff Carnes, in its attempts to collect defaulted consumer debts from other persons.

22.     The Class consists of more than 40 persons from whom Defendant attempted to collect defaulted consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Carnes.

23.     Plaintiff Carnes' claims are typical of the claims of the Class.  Common

questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25.     Plaintiff Carnes will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Carnes has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Sara Carnes, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Carnes as Class Representative of the Class, and her

attorneys as Class Counsel;

      3.      Find that Defendant's form collection letter violated the FDCPA;

      4.      Enter judgment in favor of Plaintiff Carnes and the Class, and against

Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

      5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sara Carnes, individually and on behalf of all others similarly situated,

demands trial by jury.

Sara Carnes, individually and on
behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: November 15, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch    (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com